| | |
|---|---|
| Case No. SACV 11-01091-CJC(RNBx) | Date: July 29, 2011 |

Title: SYED GAUHAR AND SYEDA GAUHAR V. INDYMAC BANK, F.S.B. ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Michelle Urie | N/A |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                    None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM**

*Pro se* Plaintiffs Syed Gauhar and Syeda Gauhar filed this second attempt to bring a civil action to set aside the foreclosure sale of their home located at 6432 East Lookout Lane in Anaheim, California.[1] Plaintiffs purchased their home on September 14, 2005 with a loan for $580,000 from Defendant Indymac Bank, FSB ("Indymac"). (Compl. ¶ 11; *id.* Ex. 1.) Plaintiffs appear to allege that the Deed of Trust was subsequently transferred and/or assigned to various other banks between September 2005 and November 2010, including from Defendant Mortgage Electronic Services Systems, Inc. ("MERS") to Defendant OneWest Bank, F.S.B. ("OneWest") and then from OneWest to Deustche Bank National Trust Company ("Deustche Bank"). (Compl. ¶¶ 12–20.) Plaintiffs allege that Defendant MTC Financial, Inc. dba Trustee Corps ("Trustee Corps") did not have authority to conduct a foreclosure sale, but that nevertheless, their home was

---

[1] The Court dismissed Plaintiffs' previous attempt to bring this action for lack of subject matter jurisdiction on the ground that Plaintiffs had failed to even allege a "colorable" federal claim because they had simply listed federal statutes as causes of action, but did not allege any facts to show that any of the Defendants engaged in any conduct in violation of those statutes. (*See* Ct. Order, June 17, 2011, Case. No. SACV 11-00870-CJC (RNBx), Dkt. No. 3.) Plaintiffs have now filed a nearly identical complaint, but this time attempt to invoke both this Court's federal question and diversity jurisdiction. (Compl. ¶ 2.) Although Plaintiffs have not fully alleged facts related to the citizenship of each of the corporate Defendants, it appears that all of the Defendants are citizens of different states except Trustee Corps, which is a California corporation. (*See* Compl. ¶ 9.) However, Trustee Corps is likely a nominal defendant, and thus its citizenship can be ignored for purposes of assessing this Court's diversity jurisdiction. *See Strotek Corp v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002). Plaintiffs also allege that the amount in controversy exceeds $75,000. (Compl. ¶¶ 2, 26.)

sold at a trustee's sale on November 16, 2010 to Deustche Bank. (*Id.* ¶ 22; *id.* Ex. 8.) Plaintiffs allege that on or about April 26, 2011, Deustche Bank filed an unlawful detainer action against them in the Superior Court of California for the County of Orange. (*Id.* ¶ 25.)

In order to adequately plead a claim in federal court, Plaintiffs need only allege "a short and plain statement showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to "'give the defendant fair notice of what the …claim his and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must allege sufficient facts to show that their claim for relief is "plausible" rather than merely speculative. *Id.* at 555–56. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). Plaintiffs' allegations do not satisfy that standard. As the Court previously noted, Plaintiffs have not alleged a single fact to show that any of the Defendants engaged in any conduct that gives rise to a cause of action under either the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1639, or the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Plaintiffs simply allege that "Defendants' act constitute an infringement of plaintiff's borrowing rights in violation of CFR Title 12, part Section 226-Truth in Lending Act," (Compl. ¶ 45), or that "on information and belief," Deutsche Bank, OneWest and MERS "did not produce a Proof of Claim compliant with U.S.C. Title 15 Section 1592(g) or U.C.C. Section 3-201," (*id.* ¶ 50). Plaintiffs' only factual allegations relate to the allegedly invalid transfers and/or assignments of Plaintiffs' Deed of Trust, and the Court cannot determine from these allegations that there is any connection to any obligation of any of the Defendants under TILA or the FDCPA. Plaintiffs' state-law causes of action are similarly devoid of any factual support. For example, Plaintiffs assert a claim for wrongful foreclosure because Defendants "are neither true beneficiaries nor trustees," but Plaintiffs have also attached the recorded Assignment of Trust and Substitution of Trustee documents verifying each of the alleged transfers. (*See* Compl. Exs. 2–8.) Plaintiffs also make conclusory allegations that Defendants violated California Civil Code Section 2923.5(a) and (b), (Compl. ¶¶ 59–60), and that Defendants violated the California Unfair Competition Law, (*id.* ¶¶ 72–75). Plaintiffs simply assert that Defendants executed and recorded false and misleading documents or executed and recorded documents without the legal authority to do so, without alleging any facts to show how the documents were false or misleading or why Defendants lacked the legal authority to record those documents. (*See id.* ¶ 74.) Finally, Plaintiffs have also not

alleged sufficient facts to state a claim for fraud. Claims for fraud must be pled with particularity, Fed. R. Civ. P. 9(b), including the "who, what, when, where and how" the allegedly false representations were made. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiffs' allegations that they had "numerous communications" with OneWest and Trustee Corps prior to the trustee's sale and that neither defendant disclosed that the Deed of Trust was already assigned to Deutsche Bank, or that they "justifiably relied on the oral and written representations of Indymac written mortgage modification process" fall far short of this standard. (*See* Compl. ¶¶ 67, 69.)

Accordingly, Plaintiffs' complaint is hereby DISMISSED.

mkyc

MINUTES FORM 11
CIVIL-GEN                                                              Initials of Deputy Clerk MU